UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WARREN LOUP | CIVIL ACTION |
| VERSUS | NO. 11-790 |
| JOHN CARROLL ET AL. | SECTION "F" (2) |

## ORDER ON MOTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by plaintiff Warren Loup, who is currently incarcerated at Elayne P. Hunt Correctional Center. He alleges that defendants, Jefferson Parish Sheriff Newell Normand and former Sheriff's Deputies Aaron Verrette and John Carroll, conspired to deny him due process and equal protection of laws and that the two deputies used excessive force against him during a custodial interrogation on May 6, 2010. He further asserts that Sheriff Normand failed to train and supervise his deputies adequately to prevent the use of excessive force and is responsible for the unconstitutional and tortious actions of his deputies. Plaintiff also brings state law claims for assault and battery, intentional infliction of emotional distress, false arrest and malicious prosecution. He seeks compensatory and punitive damages. Record Doc. No. 1, Complaint.

Sheriff Normand filed a Motion to Stay Discovery and to Quash Subpoena Duces Tecum, Record Doc. No. 11, which I previously granted in part and denied in part. Record Doc. No. 21. Plaintiff's Requests for Production Nos. 2, 3 and 4 seek copies of

the complete personnel and employment files, including internal affairs investigations and disciplinary actions, of former Deputies Verrette and Jordan. During a telephone conference with the court, counsel for Sheriff Normand orally objected to these requests and stated his intent to withhold the documents from production. I ordered defendant to respond to plaintiff's requests for production and submit to me for in camera review the personnel, internal affairs, disciplinary and other similar files that were the subject of defendant's objections. Record Doc. No. 23. Sheriff Normand complied with the order to submit the documents to me for in camera review.

Louisiana's Public Records Law defines the Sheriff's personnel records as public records, which are available for public inspection, unless specifically excepted by law. La. Rev. Stat. §§ 44:1, 44:3; Cormier v. Foti, No. 07-1383, 2008 WL 4758660, at *1-2 (W.D. La. Oct. 28, 2008) (Methvin, M.J.) (citing Nix v. Daniel, 669 So. 2d 573, 575 (La. App. 1st Cir. 1996)).[1]

---

[1] Among its exceptions, the Louisiana Public Records Law exempts from disclosure records that pertain to pending or reasonably anticipated criminal litigation, until such litigation has been finally adjudicated or settled; records that contain or would tend to reveal the identity of a confidential source; records containing security procedures or information about investigative training, technical equipment or instructions; and records that contain or would tend to reveal the identity of an undercover police officer. La. Rev. Stat. § 44:3(A). The unlisted home telephone number of the public employee; the home telephone number of the public employee when the employee has requested that the number be kept confidential; and the home address of the employee when the employee has requested that the address be kept confidential, as well as social security numbers and financial institution direct deposit information, are confidential personnel records. Id. § 44:11(A), (C). In addition, "all medical records, claim forms, insurance applications, requests for the payment of benefits, and all other health records of public employees, public officials, and their dependents in the personnel records of any public body shall

However, federal common law, not Louisiana law, governs defendant's discovery objections in this Section 1983 case.  Fed. R. Evid. 501.  "When considering a federal claim, federal courts apply federal common law, rather than state law, to determine the existence and scope of a privilege.  Federal courts will, however, consider state policies supporting a privilege in weighing the government's interest in confidentiality." Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991); accord In re Grand Jury Subpoena Dated Dec. 17, 1996, 148 F.3d 487, 492 (5th Cir. 1998).

> Federal common law recognizes a <u>qualified</u> privilege protecting investigative files in <u>an ongoing criminal investigation or</u> information which would reveal <u>the identity of confidential informants</u> . . . . Louisiana law creates a similar privilege.  To determine whether this qualified privilege bars discovery of given documents, the trial court should consider the ten factors articulated in Frankenhauser v. [Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973),] in balancing the government's interest in confidentiality against the litigant's need for the documents.

Coughlin, 946 F.2d at 1159-60 (citing La. Rev. Stat. Ann. §§ 44:1, 44:3) (emphasis added).  The Fifth Circuit's opinion in Coughlin makes it clear that no blanket privilege exists under federal common law for either personnel files or Internal Affairs Division records.  Coughlin, 946 F.2d at 1159-60; Wilson v. Martin County Hosp. Dist., 149 F.R.D. 553, 555 (W.D. Tex. 1993); accord Arinder v. Lee, No. 99-1487, 2000 WL 680343, at *2 (E.D. La. May 23, 2000) (Roby, M.J.); Everitt v. Brezzel, 750 F. Supp.

---

be confidential."  Id. § 44:11(D).

1063, 1066 (D. Colo. 1990); Mockler v. Skipper, No. 93-1117-FR, 1994 WL 41334, at *3-4 (D. Or. 1994).

Sheriff Normand, as the party resisting discovery, bears the burden of demonstrating the existence of any privilege. High Tech Commc'ns, Inc. v. Panasonic Co., C.A. No. 94-1477, 1995 WL 45847, at *1 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing Hodges, Grant & Kaufmann v. U.S., 768 F.2d 719, 721 (5th Cir. 1985)). Privileges, as exceptions to the demand for relevant evidence and derogations from the search for the truth, are strictly construed. United States v. Auster, 517 F.3d 312, 315 (5th Cir. 2008) (citing United States v. Nixon, 418 U.S. 683, 709-10 (1974)); In re Royce Homes, LP, 449 B.R. 709, 731 (Bankr. S.D. Tex. 2011) (citing United States v. Pipkins, 528 F.2d 559, 562 (5th Cir. 1976); Garner v. Wolfinbarger, 430 F.2d 1093, 1100 (5th Cir. 1970)); Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas Corp., No. 4:08-CV-684-Y, 2009 WL 464989, at *2 (N.D. Tex. Feb. 23, 2009) (citing Pipkins, 528 F.2d at 562); Hinsdale v. City of Liberal, 961 F. Supp. 1490, 1495 (D. Kan. 1997) (citing Nixon, 418 U.S. at 710). Special caution should be exercised in recognizing a privilege in a civil rights case because "application of the federal law of privilege, rather than state law, in civil rights actions is designed to ensure that state and county officials may not exempt themselves from the very laws which guard against their unconstitutional conduct by claiming that state law requires all evidence of their alleged wrongdoing to remain

confidential." Torres v. Kuzniasz, 936 F. Supp. 1201, 1213 (D.N.J. 1996); accord Hinsdale, 961 F. Supp. at 1495. "'Laws providing for the examination of public records must be liberally interpreted to extend rather than restrict access to public records.'" Cormier, 2008 WL 4758660, at *1 (quoting Skamangas v. Stockton, 867 So. 2d 1009, 1013 (La. App. 2d Cir. 2004)); see also In re Matter Under Investig., 15 So. 3d 972, 989 (La. 2009) (citing Art. XII, § 3, La. Const.; La. Rev. Stat. § 44:1 et seq.; Capital City Press v. E. Baton Rouge Parish Metro. Council, 696 So. 2d 562, 564 (La. 1997)) (Louisiana's Constitution and Public Records Law "must be construed liberally in favor of free and unrestricted access to the records, <u>and that access can be denied only when a law, specifically and unequivocally, provides otherwise</u>.") (quotation omitted) (emphasis in original).

To invoke a privilege against disclosure of law enforcement records, the Sheriff must make a "'substantial threshold showing' that <u>specific harms</u> are likely to result from disclosure." Morrissey v. City of N.Y., 171 F.R.D. 85, 92 (S.D.N.Y. 1997) (emphasis added); accord Cormier, 2008 WL 4758660, at *3.

My in camera review of the personnel and internal affairs files reveals that only limited categories of documents are relevant to the claims or defenses of the parties. Fed. R. Civ. P. 26(b)(1). I find that materials concerning the training, certifications, supervision, investigation of excessive force claims against Deputy Verrette and the

termination of the two deputies's employment are within the scope of discovery and are relevant to plaintiff's claims that the deputies used excessive force, that all defendants conspired to deprive him of due process and that Sheriff Normand failed to train and supervise the deputies properly. The documents in the files that fall into these categories are certificates of training, letters of commendation and awards that the deputies received, Internal Affairs Division Files Nos. 20090305 and 20081006 regarding allegations of physical intimidation against Deputy Verrette, which may lead to the discovery of evidence admissible under Fed. R. Evid. 404(b), and documents related to the termination of both deputies' employment.

However, many of the documents in the files contain personal information, such as personal data identifiers (including dates of birth, social security numbers and driver's license numbers of the defendants and other persons), payroll record numbers of defendants and of other officers involved in Internal Affairs investigations, home addresses and telephone numbers of defendants and other persons, banking and employee benefits information, and the medical and arrest records of Internal Affairs complainants, which is deserving of protection from unnecessary disclosure. <u>See, e.g.</u>, Fed. R. Civ. P. 5.2. Furthermore, many documents, even if they fall within the relevant categories, are too old to contain information relevant to the parties' claims or defenses in this action. I find that a relevant time period for the personnel and internal affairs files is from May

6, 2005 (five years before the subject incident) through December 31, 2010 (the last day of the year of the incident).

Accordingly, **IT IS ORDERED** that, no later than **September 27, 2011**, Sheriff Normand must produce to plaintiff's counsel from these files only the relevant documents limited to those identified above and must supplement his response to Requests for Production Nos. 2, 3 and 4 to state clearly and without objection that he has produced to plaintiff all responsive documents (as described in this order) in his possession, custody or control; provided that, <u>before</u> producing the documents, Sheriff Normand must redact <u>any</u> dates of birth, social security numbers, driver's license numbers, driver's license expiration dates, home addresses, home telephone numbers, payroll record numbers and financial account numbers of the defendants and of other persons. To the extent that the documents produced, even as redacted, may still contain information that implicates the privacy rights of the individual defendants and other persons, those rights can be adequately protected by the following protective order:

**IT IS FURTHER ORDERED** that all records produced by Sheriff Normand pursuant to this order shall be subject to the following protective order. All information produced in accordance with this order must be marked and kept confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, the parties' counsel of record and experts retained in connection with

this litigation. All persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. If any party seeks to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed protective order.

New Orleans, Louisiana, this   13th   day of September, 2011.

                JOSEPH C. WILKINSON, JR.
                UNITED STATES MAGISTRATE JUDGE